IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:24-CR-045-Z |
| COLE PATRICK UNDERWOOD | |

## FACTUAL RESUME

In support of Cole Patrick Underwood's plea of guilty to the offense in Count One of the Indictment, Underwood, the defendant, Bethany Stephens, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 2422(b), that is, Enticement and Attempted Enticement of a Minor, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant knowingly persuaded, induced, enticed, or coerced, or attempted to do so, an individual to engage in any sexual activity, as charged in the indictment;

*Second*: That the defendant used the Internet, a cell phone, or any facility or means of interstate or foreign commerce to do so;

*Third*: That the defendant believed that such individual was less than 18 years of age; and

*Fourth*: That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of Section 21.11 (Indecency with a Child) under the laws of Texas.

---
[1] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2019).

**Cole Patrick Underwood**
**Factual Resume—Page 1**

It is not necessary for the government to prove the individual was in fact less than 18 years of age; but it is necessary for the government to prove the defendant believed such individual to be under that age. It is not necessary for the government to prove that the individual was actually persuaded, induced, enticed, coerced, into engaging in the described sexual activity, as long as it proves the defendant intended to persuade, induce, entice, or coerce the individual to engage in some form of unlawful sexual activity with the defendant and knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the defendant's criminal attempt. Mere preparation is not enough.

As a matter of law, the following is a crime under Texas law:

*First.*   The defendant is 17 years of age or older;

*Second.*   The defendant knowingly or intentionally: (1) engaged in sexual contact with a child younger than 17; (2) with the intent to arouse or gratify the sexual desire of any person, exposed the person's anus or any part of the person's genitals, knowing that a child younger than 17 was present; or (3) caused a child younger than 17 to expose the child's anus or any part of the child's genitals.

*Third.*   This happened in Texas.

## STIPULATED FACTS

1. Cole Patrick Underwood admits and agrees that from on or about November 1, 2023, to on or about June 4, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, he, the defendant, did knowingly use a facility or means of interstate or foreign commerce, including a cellular telephone, to persuade, induce, entice, or coerce, or attempt to do so, an individual who had not attained the age of eighteen years, to engage in sexual activity for which he could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

2. At all times material to this factual resume, Cole Patrick Underwood was 28 or 29 years old and employed as the head football coach and athletic director for Perryton Independent School District (Perryton ISD). At all times material to this factual resume, "Jane Doe" was 15 years old and a student at Perryton High School (Perryton HS). Underwood knew Doe as a student and athlete with Perryton ISD. Underwood and Doe are not, and were never, married to each other. Perryton is in Ochiltree County, Texas, which is in the Amarillo Division of the Northern District of Texas.

3. Underwood first met Doe when she was in middle school in Perryton. In 2023, Doe began her freshman year at Perryton HS. Around November 2023, Underwood started communicating with Doe about more personal matters, inquiring about Doe's personal and family life. Underwood also began meeting with Doe alone in his office. Underwood and Doe also began communicating on Snapchat. Around Christmas of 2023, Underwood's messages to Doe became more sexually oriented and flirtatious. Ultimately, Underwood began a sexual relationship with Doe, facilitated by his use of cell phones, the Internet, and social media applications like Snapchat, TikTok, and Signal.

4. In early 2024, rumors circulated that Underwood was having an inappropriate relationship with Doe. Perryton ISD administrators gave Underwood a specific directive not to be alone with Doe. After that directive was given, Underwood and Doe were captured by school surveillance cameras meeting alone together on multiple occasions outside of school hours. In April 2024, Underwood was placed on

administrative leave due to the inappropriate relationship and the Ochiltree County Sheriff's Office (OCSO) was contacted.

5. On April 23 and April 24, 2024, the Chief Deputy of OCSO interviewed Doe. Doe said Underwood had sexual intercourse with her 13 to 14 times in Underwood's office. Doe said the first time Underwood had sexual intercourse with her was in February 2024. Doe also said she sent fully nude photographs of herself to Underwood on Snapchat because Underwood hinted at wanting them.

6. On April 23, 2024, the Chief Deputy interviewed Underwood. Underwood first denied a relationship with Doe. Eventually, Underwood admitted he had sexual intercourse with Doe in his office more than 10 times. Underwood also said he communicated with Doe on Snapchat. Underwood detailed how he and Doe would meet at the school after hours and on weekends. Underwood said he would leave the school door propped open so Doe could enter and go to his office.

7. Perryton ISD used an application called ParentSquare for teachers, students, and parents to communicate with each other. The investigation revealed that on multiple occasions, Underwood and Doe communicated directly on ParentSquare to create a fictitious record of valid reasons for their after-hours meetings. On April 12, 2024, Doe messaged Underwood saying, "can you please prop the door open around 2:45 so i can get into the training room." Underwood replied: "Sure." At that date and time, Doe was recorded on surveillance video entering through the propped door and proceeding to Underwood's office.

8. Underwood was arrested on April 25, 2024, by OCSO for sexual assault of a child. Underwood was released on bond after his arrest and given conditions by the Court to have no communication with Doe or her family members.

9. On May 7, 2024, a special agent with the Federal Bureau of Investigation (FBI) spoke with the OCSO Chief Deputy about the investigation. On May 10, 2024, the FBI agent received Doe's cell phone. A search of the phone revealed multiple late-night conversations between Underwood and Doe, including a 6-hour-and-10-minute phone call at 11:28 p.m. on December 25, 2023. The phone also revealed frequent contact between Underwood and Doe on Snapchat. In some messages on Snapchat, Underwood referred to Doe as "wifey" and told Doe that he loved her. Underwood also sent Doe sexually oriented and flirtatious messages that were located on Doe's cell phone.

10. On May 31, 2024, law enforcement met with Doe again. Doe explained how the relationship with Underwood developed. Underwood used Snapchat to establish a personal relationship with Doe and invited her to his office for personal conversations where she confided in him. Around Christmas 2023, Underwood's messages to Doe became more sexual and flirtatious. Underwood used Snapchat to arrange sexual encounters with Doe and he used Snapchat to provide her detailed instructions on how to meet in his office after school hours to avoid detection. Using Snapchat and their cell phones to coordinate the meetings, Doe met Underwood on multiple occasions in his office, where he engaged in sexual activity with her. The sexual activity Underwood engaged in with Doe would be, and was, a criminal offense in violation of the laws of Texas, specifically Texas Penal Code Section 21.11 (Indecency with a Child) which

makes it a crime to intentionally or knowingly engage in sexual contact with a child younger than 17; or with the intent to arouse or gratify the sexual desire of any person, expose the person's anus or any part of the person's genitals, knowing that a child younger than 17 is present; or cause a child younger than 17 to expose the child's anus or any part of the child's genitals.

11.   On June 4, 2024, Underwood was arrested on a federal complaint. After his arrest, Underwood was interviewed by an FBI agent. Underwood again admitted to the sexual relationship with Doe. Underwood further admitted he used Snapchat to arrange meetings with Doe to engage in sexual activity. Underwood also admitted that he received nude photographs of Doe via Snapchat. Underwood gave the FBI agent consent to search his cell phone. A preliminary search of the cell phone revealed that Underwood was in continuous communication with Doe even after his initial arrest by OCSO and release on bond. Messages on Underwood's phone revealed that he provided Doe a secret cell phone for him to communicate with her.

12.   Based on Underwood's admissions, law enforcement was able to obtain the secret cell phone from Doe. To further conceal their communications, Underwood communicated with Doe on TikTok and Signal, an end-to-end encrypted messaging platform.

13.   Underwood and Doe communicated using Apple iPhones, the Internet, and the social media applications Snapchat, TikTok, and Signal. Through those communications, Underwood persuaded, induced, enticed, or coerced, or attempted to persuade, induce, entice, or coerce, Doe to engage in sexual activity with him. Apple

iPhones are not manufactured in the State of Texas, therefore, prior to their use by Underwood and Doe in Perryton, Texas, they had traveled in interstate or foreign commerce. Furthermore, the Internet, including Internet-based social media applications such as Snapchat, TikTok, and Signal, are all facilities or means of interstate or foreign commerce. At the time Underwood enticed, or attempted to entice, Doe into a sexual relationship, he knowingly used a facility or means of interstate or foreign commerce. Furthermore, Underwood knew that Doe was under the age of 18 years at the time he committed this offense, and admits and agrees that the sexual activity he enticed, or attempted to entice, Doe to engage in could have resulted in him being charged with a criminal offense, specifically a violation of Texas Penal Code Section 21.11 (Indecency with a Child), which makes it a crime to intentionally or knowingly engage in sexual contact with a child younger than 17; or with the intent to arouse or gratify the sexual desire of any person, expose the person's anus or any part of the person's genitals, knowing that a child younger than 17 is present; or cause a child younger than 17 to expose the child's anus or any part of the child's genitals.

14. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

.

AGREED TO AND STIPULATED on this 19 day of Sept _____, 2024.

_____  
COLE PATRICK UNDERWOOD  
Defendant

LEIGHA SIMONTON  
UNITED STATES ATTORNEY

_____  
CALLIE WOOLAM  
Assistant United States Attorney  
Texas State Bar No. 24075306  
1205 Texas Avenue, Suite 700  
Lubbock, Texas 79401  
Telephone:   806-472-7564  
Facsimile:   806-472-7394  
E-mail:   callie.woolam@usdoj.gov

_____  
BETHANY STEPHENS  
Attorney for Defendant